# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23322-CIV-MORENO/TORRES

GREAT LAKES REINSURANCE (UK)
PLC, a Foreign Corporation,

       Plaintiff/Counter-Defendant,

vs.

RAFAEL JORGE ROCA, and
ELENE MARIA ROCA

       Defendants/Counter-Plaintiffs
       Third-Party Plaintiffs

vs.

ELIZABETH SEEBURGER and MARITIME
UNDERWRITERS, INC., a Florida
Corporation

       Third-Party Defendants.
_____/

### REPORT AND RECOMMENDATION ON
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
### DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [D.E. 23] and Defendants' Cross-Motion for Summary Judgment ("Defendants' Motion") [D.E. 32] as to Plaintiff's liability on the insurance contract entered between the parties. The Court has reviewed the motions, the responses, and the record in the case. For the foregoing reasons the motions should be granted in part and denied in part.

## I.  BACKGROUND

The following relevant facts are undisputed. Defendants Rafael Roca and Elena Roca ("Defendants" or "Rocas") purchased a 2006 40 foot Sea Hunter power vessel ("Sea Hunter") on or about August 16, 2006. Following the purchase, Rocas contacted Elizabeth Seeburger, a marine insurance broker, in order to procure insurance on their newly acquired property. Ms. Seeburger was successful in obtaining a $200,000 insurance coverage on Rocas' vessel from UK-based Plaintiff Great Lakes Reinsurance PLC ("Great Lakes"). Defendants' application for the policy contained eleven questions pertaining to both the vessel and its owner/operator. Specifically, question number eight inquired whether the insured "or any named operator been involved in a marine loss in the last 10 years (insured or not)." [D.E. 25-2 at 3]. Rocas answered in a negative. It is undisputed, however, that prior to purchasing the vessel subject to this litigation, Rocas owned another vessel, a 1999 29 foot Sea Vee. It is also undisputed that the Sea Vee was stolen sometime in June 2005. Although the boat was eventually recovered, Rocas received $14,000 from its insurance company for the engines that were missing from the recovered boat.

Additionally, the policy contained numerous exclusions that specifically described circumstances under which coverage for a loss would not be provided. Specifically, exclusion (k) stated:

> Theft of the scheduled vessel and or its equipment whilst on a trailer/boat/lift/hoist/dry storage rack unless the scheduled vessel is situate [sic] in a locked and fenced enclosure or marina and there is visible evidence of forcible entry and removal made by tools, explosives, electricity or chemicals.

[D.E. 1 at 17].

On September 28, 2007, the Sea Hunter was stolen from Defendants' second home in Tavernier, Florida. The Rocas reported the theft to the police and filed a claim on the insurance policy. Great Lakes, however, denied the claim. This litigation followed.

Invoking this Court's admiralty jurisdiction under Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333, Plaintiff filed a declaratory action requesting the Court to find that the policy did not cover losses caused by the theft of the Sea Hunter.[1] Its Complaint advances two causes of action. In the first count, Plaintiff contends that it is not liable for the loss of the insured vessel under the terms of exclusion (k) of the policy. [D.E. ¶¶ 18-25]. In the second count, Plaintiff maintains that Defendants' failure to disclose their prior marine loss on the application for coverage renders the entire policy void *ab initio*, thus relieving it from any liability for the loss. [D.E. 1 ¶¶ 26-35]. In its motion, however, Great Lakes only affirmatively seeks a summary judgment on Count Two.

Defendants respond by moving for summary judgment on both counts of the Complaint. In support of granting summary judgment as to Count II, the Rocas advance the following three arguments: (1) because question eight in the insurance application is ambiguous, narrow interpretation of it, in favor of the insured, mandates

---

[1] Defendants filed counterclaims for breach of contract, promissory estoppel, and restitution. Additionally, Defendants filed three-count third-party claims against Third-Party Defendants Elizabeth Seeburger and Maritime Underwriters, Inc. for professional malpractice, breach of fiduciary duty, and promissory estoppel. Third-Party Defendants are an insurance broker company and its employee that allegedly procured the marine insurance policy at issue in this litigation.

this Court to find that Defendants did not misrepresent a fact by answering the question in negative; (2) the alleged misrepresentation is not material, thus the policy is not void *ab initio*, and (3) in the event the Court were to find that Defendant Rafael Roca is precluded from recovering under the policy, Co-Defendant Elena Roca is still entitled to coverage under the "innocent spouse" doctrine.

As to Count I of the Complaint, the Rocas argue that they are entitled to summary judgment because exclusion (k) is ambiguous and a reasonable interpretation of it clearly establishes that there is coverage based upon the evidence in the case. Significantly, Plaintiff never responded to Defendants' argument for summary judgment as to Count I.

## II.   ANALYSIS

### A.   *Standard of Review*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden is met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the

'deposition, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

This case falls under this Court's admiralty jurisdiction because it involves a marine insurance policy. *Morrison Grain Co., Inc. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 428 n.4 (5th Cir. 1980) (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961)). In cases involving marine insurance contracts, this Court will apply state law, unless an established maritime rule controls the issue and the rule materially differs from state law.  *See ABB Power T & D Co., Inc. v. Gothaer Versicherungsbank VVAG*, 939 F. Supp. 1568, 1580-81 (S.D. Fla. 1996).

**B.** **_Great Lakes Motion for Summary Judgment_**

"It is well-settled that the maritime doctrine of *uberrimae fidei* is the controlling law of this circuit." *HIH Marine Servs. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000). The doctrine "requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *Id*.  Thus, the applicant for a maritime insurance must "voluntarily and accurately disclose to the insurance company all facts which might have bearing on the insurer's decision to accept or reject the risk." *Certain Underwriters at Lloyd's, London v. Giroire*, 27 F. Supp. 2d 1306, 1311 (S.D. Fla. 1998).

Under *ubberrimae fidei*, "a material misrepresentation on an application for marine insurance is grounds for voiding the policy," even if the misrepresentation is a result of "'mistake, accident, or forgetfulness.'" *Id.* at 1363 (citing *Steelmet v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984)); *see also Gulfstream Cargo. Ltd. v. Reliance Ins. Co.*, 409 F.2d 974, 980 (5th Cir. 1969) ("Nothing is better established in the law of marine insurance than that a mistake or commission material to a marine risk, whether it be willful or accidental, or result from mistake, negligence or voluntary ignorance, avoids the policy"). A misrepresentation is deemed to be material if "it might have a bearing on the risk to be assumed by the insurer." *HIH Marine Servs.*, 211 F.3d at 1363; *see also Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 942-43 (11th Cir. 1986) (materiality is "that which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk").

Great Lakes contends that it is entitled to rescind the insurance policy on the ground that it was void *ab initio* because the application contained a material misrepresentation that the insured had not been "involved in a marine loss" within ten years from the date of the application.

### *1. The Misrepresentation*

The application for coverage specifically inquired whether or not the insured had been involved in a marine loss within ten years from the date of the application. It is undisputed that Defendants answered that question in a negative. It is also undisputed that less than a year prior to applying for Sea Hunter's insurance coverage, in June 2005, another boat was stolen from Defendants. Thus, the question of

misrepresentation turns on the issue of whether the theft of Defendants' vessel in 2005 constituted a "marine loss."

The Defendants argue that the term "marine loss" should be given a narrow interpretation due to its ambiguous meaning within the context of the application. In support of their argument, they point out that the question referring to the "marine loss" was located among the questions that addressed the insured vessel's operations. Therefore, according to Defendants, the Court should define the term "marine loss" as a loss within the context of operation or use of the vessel, in which case there was in fact no misrepresentation.

Black's Law Dictionary defines "marine" as "of or relating to the sea" and "loss" as, *inter alia*, "the failure to keep possession of something." *Black's Law Dictionary* (7th ed. 1999). Thus, any natural interpretation of the phrase "marine loss" requires us to conclude that the theft of Defendants' vessel in 2005 falls within the meaning of that phrase.

Consistent with this finding is the fact that Defendant Rafael Roca acknowledged during a deposition that he expressed concern to his insurance broker about answering the "marine-loss" question in the negative precisely due to his knowledge of the 2005 theft. *See* Deposition of Rafael Roca at 53-54 [D.E. 27-3 at 5]. This acknowledgment supports Great Lakes' position that all parties to the process understood a "marine loss" to include the 2005 theft.

Therefore, the Court finds that there is no genuine issue of fact that Defendants misrepresented their prior marine loss on the application for Sea Hunter's insurance policy.

### *2. Materiality*

The Court must next determine whether the misrepresentation was material. Although the notion of materiality is subjective in nature, the Eleventh Circuit has defined it as one which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk." *Kilpatrick*, 795 F.2d at 942-43. Materiality of misrepresentation is a mixed question of law and fact that can be decided as a matter of law if reasonable minds could not differ on the question. *Woods v. Independent Fire Ins. Co.*, 749 F.2d 1493, 1496 (11th Cir. 1985).

Plaintiff contends that Defendants' misrepresentation regarding their prior marine loss history is presumptively material because the application form directly inquired about this issue. Furthermore, Plaintiff argues that the "undisputed evidence" indicates that Plaintiff would never have agreed to insure Defendants' vessel at "the same premium if full disclosure had been made." *See* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment [D.E. 24 at 14]. We disagree, however, with Plaintiff's conclusion.

We decline to follow a bright line rule adopted by the Ninth Circuit establishing every misrepresentation to a specifically inquired question on the application to be material as a matter of law. In *New Hampshire Ins. Co. v. C'est Moi, Inc.*, Judge Kozinski concluded that the mere "fact that the insurer has demanded answers to specific questions in an application is in itself usually sufficient to establish materiality as a matter of law." *New Hampshire Ins. Co. v. C'est Moi, Inc.*, 519 F.3d 937, 939 (9th Cir. 2008) (citation omitted). The *C'est Moi* court, therefore, presumed that if a specifically inquired question was answered truthfully it would have affected

the insurer's decision to provide coverage at a given premium. *Id.* at 940. The Eleventh Circuit, however, has never adopted such a bright line rule. Instead, courts in our circuit favor a more fact-specific inquiry. *See, e.g., HIH Marine Servs.*, 211 F.3d at 1364 (analyzing the record to determine whether insured's misrepresentation regarding the custody of the vessel and finality of the charter agreement was material to insurer's decision to provide coverage for the vessel); *La Reunion Francaise, S.A. v. Christy*, 122 F. Supp. 2d 1325, 1330-31 (M.D. Fla. 1999) (analyzing undisputed evidence on record and finding insured's failure to disclose prior criminal convictions not material as a matter of law).

Additionally, Great Lakes cites to two cases from outside of the Ninth Circuit to show that misrepresentation of an insured's prior marine loss history is material as a matter of law. The cited decisions, however, are factually distinguishable. The courts in these cases found misrepresentations pertaining to the *insured vessel*, such as its history, value or intended use, to be material as a matter of law. *See, e.g., St. Paul Fire & Marine Ins Co. v. Halifax Trawlers, Inc.*, 495 F. Supp. 2d 232 (D. Mass. 2007) (fact that vessel prior to being insured had submerged and sat on bottom of harbor before being renovated found to be material); *Giroire*, 27 F. Supp. 2d at 1306 (misrepresentation of the intended use of the vessel found material). The misrepresentation in this case, however, had nothing to do with the insured vessel itself.

Finally, Plaintiff cites to one case from our district that held a misrepresentation of an insured's prior marine loss record was material as a matter of law. In *All*

*Underwriters at Lloyd's v. Kenney*, Judge Gonzalez applied Ninth Circuit precedent and concluded that failure of the insured to disclose his prior marine loss on the application was material as a matter of law, thus voiding the policy *ab initio*. *All Underwriters at Lloyd's v. Kenney*, 986 F. Supp. 1384, 1386 (S.D. Fla. 1997) (citing *Certain Underwriters at Lloyd's v. Montford*, 52 F.3d 219 (9th Cir. 1995)). Judge Gonzalez, however, did not have the benefit of the Eleventh Circuit's *HIH* decision at the time he rendered his order. *HIH*'s resolution of the *void ab initio* issue raised in that case suggests that the Ninth Circuit's bright line rule should not be strictly followed in this circuit. *HIH Marine Servs.*, 211 F.3d at 1363-64. Absent a contrary holding from the Eleventh Circuit, this Court should decline to follow in Judge Gonzalez's footsteps in extending the Ninth Circuit precedent to this case. We believe that a closer factual examination of the materiality element is necessary to decide the issue.

Great Lakes has filed the affidavit of its underwriter, B.A. Usher, who testified: "Because it was represented originally in August of 2006 that Mr. Roca had no prior marine losses, we granted what is termed a loss-fee credit and so the premium figure of $5,620.00 proposed in the Quotation included a ten percent (10%) credit." *See* B.A. Usher Affidavit in Support of Plaintiff's Motion for Summary Judgement ¶ 36 ("B.A. Usher Affidavit") [D.E. 26 at 13]. A closer examination of the record, however, does not reveal that Defendants were afforded any discount. The $5,620.00 premium appears to be a standard 2% deductible plus applicable fees. *See* Exhibit F & Exhibit G to Plaintiff's Motion for Summary Judgment [D.E. 25-7 & 25-8]. The 10% discount appears nowhere on Defendants' policy. Thus, a dispute of material fact arises as to

whether Defendants' misrepresentation caused Plaintiff to issue the policy at a discounted 10% premium.

The underwriter also testified that "had Mr. Roca disclosed the prior theft, [Plaintiff] . . . would have assessed a ten percent (10%) loss-record debit." *See* B.A. Usher Affidavit at ¶ 37. As with the alleged 10% discount, Mr. Usher's testimony regarding the 10% debt is inconsistent with and unsupported by Plaintiff's own written guidelines. Indeed, the guidelines specify such adjustments as "Vessel used for Bareboat Charter 10% debt" or "Construction Wood or Metal 10% debt." *See* Exhibit G to Plaintiff's Motion for Summary Judgment [D.E. 25-8]. The "10% loss-record debit," however, does not appear anywhere in the guidelines.

Mr. Usher's statements, without supporting evidence, is insufficient to find materiality as to Defendants' misrepresentation. After-the-fact, conclusory statements by the insurer that a certain fact was material and would have affected its decision to insure are simply not adequate grounds upon which the Court can conclude, as a matter of law, that an omitted fact was material. *AXA Global Risks (UK) Ltd. v. Pierre*, No. 00-388-CIV, 2001 WL 1825853, *9 (S.D. Fla. Nov. 8, 2001) (citing *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). Unless the materiality of the omitted fact is patently obvious, such as the fact that a vessel is not seaworthy, the insurer must provide some specific evidence capable of showing the omitted fact's materiality. *AXA Global*, 2001 WL 1825853, at *9.

Because there is no specific evidence before the Court as to the materiality of Defendants' misrepresentation of their prior loss history, Great Lakes is not entitled to summary judgment on this issue. Neither are the Defendants entitled to a finding

before trial that the misrepresentation was not material. Therefore, Plaintiff's Motion for Summary Judgment and Defendants' Cross-motion for Summary Judgment as to Count II should be denied.

### D.     *Defendants' Motion for Summary Judgment on Count I*

Defendants independently move for summary judgment in their favor on Count I of the Complaint, arguing that undisputed evidence in the case supports a finding that exclusion (k) of the insurance contract is inapplicable.

In its Statement of Material Facts, citing to the deposition of Elena Roca, Defendants state the following:

> The vessel insured through GREAT LAKES, was stored on a boat lift, without power, behind the ROCA'S [sic] second home in Tavernier. The backyard and the house are completely fenced and enclosed to the seawall. It is a chain link fence, with two gates which are both locked with padlocks. The vessel was stored on a boat lift, completely out of the water, and there was no power supply to the boat lift; the circuit breaker was inside the house as were the keys to the vessel. On September 28, 2007, ELENA ROCA discovered that the vessel had been stolen, the chain link fence had been bent in, and the police advised her that the thieves had brought with them their own power source.

Defendants' Statement of Material Facts at ¶ 9 [D.E. 33]. Plaintiff never responded to Defendants' motion for summary judgment as to Count I, thus the above stated facts are not in dispute. *See* S.D. Fla. Local R. 7.5.D. Furthermore, pursuant to the law in the Eleventh Circuit, the Court has independently reviewed the deposition of Elena Roca to verify that the motion is supported by evidentiary materials. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).

The undisputed evidence supports a finding that exclusion (k) does not relieve Great Lakes from its liability on the policy. Language of exclusion (k) clearly states that the exclusion is inapplicable when: (1) the vessel is located in fenced and enclosed area,[2] (2) there is evidence of forcible entry and (3) removal of the vessel was conducted with the aid of tools, explosives, electricity or chemicals. Defendants presented undisputed evidence to satisfy all three elements. Plaintiff's failure to rebut that evidence in any form or fashion clearly evidences a concession that exclusion (k) by itself cannot preclude coverage for this loss.

Therefore, Defendants' Motion for Summary Judgment as to Count I should be granted.

### III.   CONCLUSION

Based upon a thorough review of the record as a whole and the arguments in the parties' motions, it is hereby recommended that:

1.   Plaintiff's Motion for Summary Judgement as to Count II [D.E. 23] should be **DENIED**.

2.   Defendants' Cross-Motion for Summary Judgment as to Count II [D.E. 32] should be **DENIED**.

---

[2]   It is not clear whether the term "fenced enclosure," as used in exclusion (k), refers to an enclosure from land or an enclosure from both land and sea access. Thus, this ambiguity forces us to interpret the term narrowly in favor of the insured. *Great Lakes Reinsurance (UK) PLC v. Vasquez*, No. 06-21206-CIV, 2008 WL 2686855, at *2 (S.D. Fla. June 27, 2008)(applying New York law). Furthermore, a broader interpretation would afford coverage for a vessel docked in water at an unenclosed area, while denying coverage for a vessel out of water in an enclosed locked area. Surely, such an interpretation would create a rather illogical result.

      3.    Defendants' Motion for Summary Judgement as to Count I [D.E. 32] should be **GRANTED**.

The parties have five (5) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of January, 2009.

                                          */s/ Edwin G. Torres*
                                          EDWIN G. TORRES
                                          United States Magistrate Judge