# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23322-CIV-MORENO/TORRES

GREAT LAKES REINSURANCE (UK)
PLC, a Foreign Corporation,

        Plaintiff/Counter-Defendant,

vs.

RAFAEL JORGE ROCA, and
ELENE MARIA ROCA

        Defendants/Counter-Plaintiffs
        Third-Party Plaintiffs

vs.

ELIZABETH SEEBURGER and MARITIME
UNDERWRITERS, INC., a Florida
Corporation

        Third-Party Defendants.
_____/

## REPORT AND RECOMMENDATION ON THIRD-PARTY
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Third-Party Defendants' Motion for Summary Judgment [D.E. 31]. The Court has reviewed the motion, Third-Party Plaintiffs' response, and the record in the case. For the foregoing reasons the motion should be granted in part and denied in part.

### I.  BACKGROUND

The following relevant facts are undisputed. Defendants Rafael Roca and Elena Roca ("Defendants" or "Third-Party Plaintiffs" or "Rocas") purchased a 2006 40 foot Sea

Hunter power vessel ("Sea Hunter") on or about August 16, 2006. Following the purchase, Rocas contacted Third-Party Defendant Elizabeth Seeburger of Maritime Underwriters, Inc. ("Third-Party Defendants" or "Brokers") in order to procure insurance on their newly acquired property. Maritime Underwriters, Inc. is an insurance brokerage company. Ms. Seeburger was successful in obtaining a $200,000 insurance coverage on Rocas' vessel from UK-based Plaintiff Great Lakes Reinsurance PLC ("Great Lakes"). Defendants' application for the policy contained eleven questions pertaining to both the vessel and its owner/operator. Specifically, question number eight inquired whether the insured "or any named operator been involved in a marine loss in the last 10 years (insured or not)." Rocas answered in a negative. It is undisputed, however, that prior to purchasing the vessel subject to this litigation, Rocas owned another vessel, a 1999 29 foot Sea Vee. It is also undisputed that the Sea Vee was stolen sometime in June 2005. Although the boat was eventually recovered, Rocas received $14,000 from its insurance company for the engines that were missing from the recovered boat.

Additionally, the policy contained numerous exclusions that specifically described circumstances under which coverage for a loss would not be provided. Specifically, exclusion (k) stated:

> Theft of the scheduled vessel and or its equipment whilst on a trailer/boat/lift/hoist/dry storage rack unless the scheduled vessel is situate [sic] in a locked and fenced enclosure or marina and there is visible evidence of forcible entry and removal made by tools, explosives, electricity or chemicals.

[D.E. 1 at 17].

On September 28, 2007, the Sea Hunter was stolen from Defendants' second home in Tavernier, Florida. The Rocas reported the theft to the police and filed a claim on the insurance policy. Great Lakes, however, denied the claim. This litigation followed.

Invoking this Court's admiralty jurisdiction under Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333, Plaintiff filed a declaratory action requesting the Court to find that the policy did not cover losses caused by the theft of the Sea Hunter. Its Complaint advances two causes of action. In the first count, Plaintiff contends that it is not liable for the loss of the insured vessel under the terms of exclusion (k) of the policy. [D.E. ¶¶ 18-25]. In the second count, Plaintiff maintains that Defendants' failure to disclose their prior marine loss on the application for coverage renders the entire policy void *ab initio*, thus relieving it from any liability for the loss. [D.E. 1 ¶¶ 26-35].

Defendants filed counterclaims for breach of contract, promissory estoppel, and restitution. [D.E. 9 ¶¶ 27-38]. Additionally, Defendants filed three-count third-party claims against the Brokers for professional malpractice, breach of fiduciary duty, and promissory estoppel. [D.E. 9 ¶¶ 39-57]. The third-party claims assert that, assuming Great Lakes were to prevail on its declaratory judgment claims, the Brokers are liable to the Rocas for, *inter alia*, failing to procure marine insurance that provided adequate coverage for the Sea Hunter, failing to properly execute the insurance application, and misrepresenting as to the existence or extent of coverage. [D.E. 9 ¶¶ 44, 51].

Third-Party Defendants move for summary judgment on all three counts. In support of granting summary judgment as to the professional malpractice and the

breach of fiduciary duty claims, the Brokers advance the following three arguments: (1) because Great Lakes denied coverage on the policy under exclusion (k), no act or omission on the part of the Brokers in failing to communicate Rocas' prior claim history to Great Lakes resulted in compromising any coverage that would have been afforded for the subject theft; (2) both claims are premature until the Court rules on the Rocas' breach of contract counter-claim against the Great Lakes; and (3) both claims are judicially estopped because Third-Party Plaintiffs are commencing an action for professional malpractice and breach of fiduciary duty against the Third-Party Defendants while maintaining an action for breach of contract against the Plaintiff.

As to the promissory estoppel claim, the Brokers argue that they are entitled to summary judgment because the Rocas failed to produce evidence, as required under Florida law, suggesting that the Brokers made any affirmative representations, other than a representation to procure a policy of marine insurance.

In their Response, Third-Party Plaintiffs contend that Third-Party Defendants' motion for summary judgment on the professional malpractice and breach of fiduciary duty claims should be denied because: (1) genuine issues of material fact exist as to the applicability of exclusion (k); (2) the claims are not premature; and (3) the claims are not judicially estopped. [D.E. 47]. The Response essentially addresses only the applicability of exclusion (k). It did not, however, address the merits of the Brokers' argument for dismissal of the promissory estoppel claim.

## II.   ANALYSIS

### A.   *Standard or Review*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden is met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'deposition, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

This case falls under this Court's admiralty jurisdiction because it involves a marine insurance policy. *Morrison Grain Co., Inc. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 428 n.4 (5th Cir. 1980) (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961)).

B.    *Professional Malpractice and Breach of Fiduciary Duty Claims*

*1. Applicability of Exclusion (k)*

The Brokers contend that because Great Lakes denied coverage on the policy under exclusion (k), their alleged negligence did not directly and proximately caused any of Rocas' damages. In other words, the Brokers argue that the applicability of exclusion (k) renders any negligence on their part irrelevant. Based on this argument, the Brokers seek entry of a summary judgment in their favor on both the professional malpractice and breach of fiduciary duty claims.

The Brokers are correct that Great Lakes' denial of coverage for Sea Hunter's loss was based on two independent theories, one of which was exclusion (k). The Brokers' argument, however, is premature because the applicability of exclusion (k) has not been established.

The applicability of exclusion (k) and Count I of the Complaint remains a contested issue. It is important to note that Great Lakes never moved for a summary judgment on that claim. *See* Plaintiff's Motion for Summary Judgment [D.E. 23]. To the contrary, it was the Rocas that affirmatively sought summary judgment on that count. *See* Defendants' Cross-Motion for Summary Judgment [D.E. 32]. Furthermore, Great Lakes never responded to the merits of the Rocas' argument. Thus, because Great Lakes has not yet prevailed on its exclusion (k) Count I claim, it is premature to address whether the applicability of that provision relieves Third-Party Plaintiff from liability.

### *2. Not Ripe for Review*

Next, the Brokers raise the ripeness challenge to the third-party claims. They contend that the Rocas' claims do not become ripe until the adjudication of Plaintiff's declaratory judgment claims. Essentially, this is the identical argument the Third-Party Defendants advanced in their Motion to Dismiss the Complaint [D.E. 15]. After a careful analysis, we concluded that the ripeness challenge was misplaced and the claims should not be dismissed. *See generally* Order Denying Third-Party Defendants' Motion to Dismiss [D.E. 55]. For the same reasons the Brokers' Motion for Summary Judgment under the ripeness theory with respect to the professional malpractice and the breach of fiduciary duty claims should be denied.

### *3. Judicial Estoppel*

Finally, the Brokers argue that they are entitled to summary judgment on the professional malpractice and the breach of fiduciary duty claims because the Rocas are judicially estopped from raising these claims against the Third-Party Defendants, while maintaining an action for breach of the insurance contract claim against the Plaintiff. Once again, however, the Brokers' argument is misplaced and inapplicable to the facts of this case.

Judicial estoppel, also referred to as "equitable estoppel," is an equitable doctrine invoked at a court's discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Under this doctrine, a party is estopped from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. [It] is an equitable concept intended to prevent the perversion of the

judicial process." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citation and internal quotation marks omitted). Judicial estoppel is intended to be a flexible rule and the courts must "take into account all of the circumstances of each case in making our determination." *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1307 n.17 (11th Cir. 2005).

In evaluating the application of the judicial estoppel, courts must consider two primary factors. "First, the allegedly inconsistent positions must have been taken under oath in a prior proceeding, and second, they must have been calculated to make a mockery of the judicial system." *Id.* (internal quotation marks omitted). One "pertinent factor [is] . . . whether the present position is clearly inconsistent with the earlier position and whether the party successfully persuaded a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled." *Burnes*, 291 F.3d at 1285-86. "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751.

In the present case, application of the judicial estoppel to the third-party claims is clearly unwarranted. Although the Rocas' breach of contract claim against the Plaintiff and the third-party claims are factually inconsistent, this fact alone does not warrant the application of the doctrine. The Federal Rules of Civil Procedure allow for pleading of inconsistent claims and defenses. *See* Fed. R. Civ. P. 8(d)(3). Furthermore, there is really nothing inconsistent or contradictory regarding these claims. The Rocas

will only recover on their professional malpractice and breach of fiduciary duty claims, should their breach of contract claim fail. *See, e.g., City of Kingsport, Tenn. v. Steel & Roof Structure, Inc.*, 500 F.2d 617, 619 (6th Cir. 1974) (holding that a statute of limitations defense raised by a Defendant does not estop the Defendant from seeking indemnification from third parties). More importantly, the Rocas' breach of contract claim against the Plaintiff is still pending, thus there is no risk of inconsistent adjudication. In other words, the Rocas are not attempting to prevail on both the breach of contract claim and the third-party claims. *See, e.g., New Hampshire*, 532 U.S. at 750-51 (acknowledging that absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," . . . thus poses little threat to judicial integrity). Similarly, it is clear that allowing the third-party claims to proceed will not make mockery of the judicial system because there is no danger of inconsistent results. To the contrary, for the purpose of judicial economy, all claims should be resolved in one judicial proceeding.

The two cases cited by the Brokers in support of the estoppel argument are clearly distinguishable. In *Blumberg v. USAA Cas. Ins.*, 790 So. 2d 1061 (Fla. 2001), the insured filed an action against his agent for negligent failure to procure insurance coverage, after *prevailing* against the insurer on the promissory estoppel theory. The Court noted that after prevailing against the insurer under the promissory estoppel theory, the insured could not turn around and file a suit against the third-party claiming that coverage did not exist. *Id.* at 1067. Unlike *Blumberg*, the Rocas are not attempting to advance an inconsistent theory after successfully recovering on another

theory. Instead, they advance two inconsistent claims hoping to successfully prevail under one of them. *See* Fed. R. Civ. P. 8(d)(3).

Finally, *Lane v. Peat et. al.*, 540 So. 2d 922 (Fla. 3d DCA 1989), is wholly inapplicable to this case. In *Lane*, the Florida Third District Court of Appeals merely held that a statute of limitations on claims arising from tax advice did not begin to run until the tax court's entry of final judgment. *Id.* at 924. Nowhere in the opinion did the court address the issue of judicial estoppel.

Therefore, we conclude that the doctrine of judicial estoppel is not applicable, at this stage of the case, to the third-party claims asserted by the Rocas. Thus, the Brokers are not entitled to summary judgment on the professional malpractice and breach of fiduciary duty claims on this theory.

## C.   *Promissory Estoppel Claim*

The Brokers contend that they are entitled to summary judgment on the promissory estoppel claim because the Rocas failed to produce any evidence, as required under Florida law, suggesting that the Brokers made any affirmative representations, other than a representation to procure a policy of marine insurance. The Rocas never responded to the merits of the Brokers' argument challenging their promissory estoppel claim.

The Florida Supreme Court set forth the elements and parameters of a promissory estoppel claim in *W.R. Grace & Co. v. Geodata Serv. Inc.*, 547 So. 2d 919 (Fla. 1989). The Court concluded that claims based on the doctrine of promissory estoppel must (1) be based on promises that are definite and substantial in nature; (2)

show a justifiable reliance on the promises made; and (3) show detrimental reliance on such promises. *Id.* 924-25. The promise must be definite, of a substantial nature, and established by clear and convincing evidence. *Id.* at 920. "Mere expectations based on oral representations regarding future rights of parties to a contract, specific in its written terms, has been held insufficient to support a cause of action" for promissory estoppel. *Id.* at 925; *see also Lozano v. Marriott Corp.*, 844 F. Supp. 740, 743 (M.D. Fla. 1994). However, while estoppel cannot be invoked to create coverage clearly excluded by a written contract of insurance, the concept may be utilized against an insurer when its conduct has been such as to induce action in reliance on it. *Mut. of Omaha Ins. Co. v. Eakins*, 337 So. 2d 418, 419 (Fla. 2d DCA 1976).

As previously stated, the Rocas never responded to the Brokers' motion for summary judgment on the promissory estoppel claim. Thus, they failed to produce any evidence describing the nature and substance of the promise on which they have detrimentally relied on. Nowhere in their depositions did the Rocas testify about any affirmative promises made by Ms. Seeburger.[1] Furthermore, the language of the Third-Party Complaint Promissory Estoppel claim merely raises vague and general factual accusations, insufficient to survive a Rule 56 motion for summary judgment. *See* Third-Party Complaint [D.E. 9].

---

[1] Although the Rocas never responded to the Brokers' challenge to the promissory estoppel claim, the Court must independently verify the record to ensure that the motion is supported by evidentiary materials. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).

Because the Third-Party Plaintiffs have failed to produce any evidence of definite and substantial in nature promise on which they have detrimentally relied on, the Third-Party Defendants' Motion for Summary Judgment the promissory estoppel claim should be granted.

### III.   CONCLUSION

Based upon a thorough review of the record as a whole and the arguments in the parties' motions, it is hereby recommended that:

1. Third-Party Defendants' Motion for Summary Judgment as to Counts IV (Professional Malpractice) and V (Breach of Fiduciary Duty) of the Third-Party Complaint should be **DENIED**.

2. Third-Party Defendants' Motion for Summary Judgment as to Count VI (Promissory Estoppel) should be **GRANTED**.

The parties have five (5) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of January, 2009.

                                                    */s/ Edwin G. Torres*
                                                    EDWIN G. TORRES
                                                    United States Magistrate Judge